ORIGINAL

**IN THE UNITED STATES DISTRICT COURT**
**FOR THE NORTHERN DISTRICT OF TEXAS**
**FORT WORTH DIVISION**

FILED
U.S. DISTRICT COURT
NORTHERN DIST. OF TX
FT. WORTH DIVISION

2017 AUG -9  PM 3: 04

CLERK OF COURT

| | | |
|---|---|---|
| NICHELLE WIGGINS, | § | |
| | § | |
| Plaintiff, | § | CIVIL ACTION NO: 4:16-cv-00716-A |
| | § | |
| V. | § | |
| | § | |
| STATE FARM LLOYDS | § | |
| | § | |
| Defendant. | § | |

### BRIEF IN SUPPORT OF DEFENDANT'S AMENDED MOTION IN LIMINE

TO THE HONORABLE UNITED STATES DISTRICT COURT:

COMES NOW Defendant State Farm Lloyds ("State Farm" or "Defendant") and files its Brief In Support of Amended Motion in Limine. Upon calling this case for trial and before the statements of counsel to the jury and introduction of evidence, State Farm respectfully moves the Court to instruct Plaintiff's counsel, and all of Plaintiff's witnesses through counsel, to refrain from making any mention in voir dire, opening Statement, closing Statement or through interrogation, either directly or indirectly, concerning any of the matters set forth below without first approaching the bench and obtaining a ruling from the Court outside the presence and outside the hearing of all prospective jurors and the jurors ultimately selected to try this case in regard to the alleged theory of admissibility of the subjects referenced below. The issues wherein the Parties have reached agreement are designated with "PLAINTIFF: AGREES: XXX." As noted, Plaintiff disagrees with Request Nos. 1, 10, 13 and 16.

**Request No. 1:**     **Other Claims.**

Any testimony or reference to Defendant's claims handling or other claims or allegations about Defendant made in connection with any other claim that is not the claim making the basis of the subject lawsuit. Specifically, State Farm requests Plaintiff or its counsel and witnesses be instructed not to testify concerning or make references to a snow and/or ice claim with a February 2015 date of loss. Any references to other claims outside of the claim made the basis of the subject lawsuit would confuse the jury and cause undue prejudice State Farm.

PLAINTIFF:  AGREES: _____     DISAGREES: XXX   NO POSITION: _____

RULING OF THE COURT:  GRANTED: _____   DENIED: _____

**Request No. 2:**     *Ex Parte* **Reports or Statements.**

Testimony, argument or remarks concerning any *ex parte* statement or report of any person not present in Court to testify and to be cross-examined by counsel for Defendant, or any argument or remark stating or characterizing what would have been the testimony from any witness not actually called.  Such testimony would constitute inadmissible hearsay. *See* Fed. R. Evid. 802.  This Request does not include statements made to testifying experts upon which the expert relied and are statements of the sort that experts in the field would reasonably rely upon. *See Factory Mutual Ins. Co. v. Alon USA LP*, 705 F.3d 518, 523 (5th Cir. 2013)(quoting FRE 703).

PLAINTIFF:  AGREES:    XXX       DISAGREES: _____ NO POSITION: _____

RULING OF THE COURT:  GRANTED: _____   DENIED: _____

**Request No. 3:**     **References to Witnesses Not Called.**

State Farm requests the Court exclude any evidence and instruct the parties to refrain from referencing or referring to the failure of either party to call a witness equally available to

both parties. The parties should be prohibited from commenting on the fact that either party has not called a witness equally available to each of them. Likewise, the Court should deny any request for an adverse inverse instruction against State Farm with respect to any former State Farm employee who is or is not called to testify by State Farm. In this case, State Farm anticipates that Plaintiff's counsel may argue that Defendant did not call various roofing contractors and current or former employees and suggest to the jury or request an instruction from the Court that the decision not to call these witnesses is an indication that his or her testimony would have been unfavorable to State Farm.

Although a party may generally comment on an opposing party's failure to call a witness under their control, this rule is not applicable "if the witness is 'equally available' to both parties." *U.S. v. Wilson*, 322 F.3d 353, 363 n.14 (5th Cir. 2003) (holding that "when the person not called is connected in some way to one of the parties and 'it might be expected that his testimony, if given, would corroborate' that party's theory of the case, the missing witness is not considered to be 'equally available'"); *Verdin v. Sea-Land Serv.*, No. 92-2833, 1993 WL 455645, at *3 (5th Cir. 1993) (not designated for publication).

Equal availability depends on: (1) a party's superior means of knowledge of the witness's existence and identity; (2) the nature of the testimony that the witness would be expected to give; and (3) the witness's relationship to a particular party. *U.S. v. Chapman*, 435 F.2d 1245, 1247 (5th Cir. 1790); *see also Wallner v. Ziegler*, 470 F. App'x 230, 232 (5th Cir. 2012) ("For the presumption to apply, the missing witness must have 'some sort of connection to the party, such that one would expect that the missing witness's testimony would corroborate that party's theory of the case, such as a party's employee or attorney whose legal advice was at issue.'") (quoting *U.S. v. Santos*, 589 F.3d 759, 764 (5th Cir. 2009)).

State Farm does not possess the requisite connection with the roofing contractors to warrant a negative inference from their absence, nor are any roofing contractors even arguably under State Farm's control. As such, Plaintiff should not be permitted to argue or encourage the jury to infer that a roofing contractor would have testified unfavorably against State Farm merely because Defendant chose not to call the roofing contractor as a witness, nor is Plaintiff entitled to an adverse inference instruction related to any roofing contractor.

PLAINTIFF: AGREES: __XXX__   DISAGREES: _____   NO POSITION: _____

RULING OF THE COURT:  GRANTED: _____   DENIED: _____

**Request No. 4:**   **Undisclosed Witnesses.**

Plaintiff and its counsel should be prohibited from offering testimony, argument or remarks from any witness not properly designated or disclosed by Plaintiff. In addition, Plaintiff, its counsel and all witnesses should be prohibited from offering any argument or remark concerning what would have been the testimony from any witness not disclosed. *See* Fed. R. Civ. P. 26; LR CV-26(a); *see also Texas Instruments, Inc. v. Hyundai Electronics Industries, Co. Ltd.* 50 F.Supp.2d 619, 622 (E.D. Tex., 1999) (holding that party's failure to timely disclose information warranted exclusion of that evidence).

PLAINTIFF: AGREES: __XXX__   DISAGREES: _____   NO POSITION: _____

RULING OF THE COURT:  GRANTED: _____   DENIED: _____

**Request No. 5:**   **Undisclosed Evidence and Documents Not Produced.**

Plaintiff, its counsel and all witnesses should be prohibited from offering any evidence or exhibits not produced and from making any mention of such evidence or exhibits not produced in any form which Plaintiff have not disclosed and have or have not made available for

examination or copying to Defendant's attorney in connection with the case, prior to the trial of this case.

PLAINTIFF:  AGREES:  XXX      DISAGREES: _____  NO POSITION: _____

RULING OF THE COURT:  GRANTED: _____    DENIED: _____

**Request No. 6:**     **Argument of the "Golden Rule."**

Any argument or comment to the effect that a juror should place himself or herself in the position of Plaintiff in this cause in determining the amount of recovery, if any, which Plaintiff should receive in the case, or any argument of the "Golden Rule" or any argument that the jurors should call upon their past experiences with insurance companies since such arguments are improper and not based upon any evidence which will be offered in the case.

PLAINTIFF:  AGREES:  XXX      DISAGREES: _____  NO POSITION: _____

RULING OF THE COURT:  GRANTED: _____    DENIED: _____

**Request No. 7:**     **References to Witnesses Not Called.**

Any comment upon the failure of any party to call witnesses who are subject to subpoena and available to all parties in this cause, or who were subject to being deposed by either party, including but not limited to, any comment upon who may be or who should be attending the trial as a witness or representative of Defendant.

PLAINTIFF:  AGREES:  XXX      DISAGREES: _____  NO POSITION: _____

RULING OF THE COURT:  GRANTED: _____    DENIED: _____

**Request No. 8:**     **References to Net Worth.**

Any comment, question, evidence or argument regarding Defendant's net worth, both because Plaintiff has done no discovery, produced no relevant documents, and has not designated any expert to testify about Defendant's net worth. Moreover, net worth is not admissible unless

and until Plaintiff have made a prima facie showing of a cause of action sufficient to which such issues might be relevant. *Transportation Ins. Co. v. Moriel*, 879 S.W.2d 10, 29-30 (Tex. 1994).

PLAINTIFF:  AGREES: XXX       DISAGREES: _____       NO POSITION: _____

RULING OF THE COURT:  GRANTED: _____     DENIED: _____

**Request No. 9:**         **Exemplary Damages.**

Any comment, question, evidence or argument regarding exemplary damages. Plaintiff has not designated any expert to testify that Defendant's conduct was grossly negligent or intentional, nor as to punitive damages, which are "technical and specialized matters." Tex. R. Civ. Evid. 702; *Browning-Ferris Indus., Inc. v. Lieck*, 845 S.W.2d 926, 944 (Tex. App.–Corpus Christi 1992, rev'd on other grounds, 881 S.W.2d 288). Plaintiff has no pleading to support any claim for punitive damages.

PLAINTIFF:  AGREES:   XXX        DISAGREES: _____ NO POSITION: _____

RULING OF THE COURT:  GRANTED: _____     DENIED: _____

**Request No. 10:**         **References to the Size of Defendant.**

Any attempt to permit prejudice against Defendant by referring to it as a "large corporation," the "corporate defendant" or "cold and uncaring" party or describing Defendant in similar terms. For the same reason, counsel for Plaintiff should not be permitted to contrast their client with Defendant by describing this case as "the little guy v. the insurance company," "it's us against them" or any direct or indirect reference to same.

PLAINTIFF:  AGREES: _____        DISAGREES: XXX  NO POSITION: _____

RULING OF THE COURT:  GRANTED: _____     DENIED: _____

**Request No. 11:**         **References to the Effect of the Jury's Verdict.**

Any statement, reference, or argument that a take nothing verdict or verdict for Defendant will prevent complaints by other individuals in the future, since such is designed to or will possibly inform the jury the effect of their answer; further, any comment, statement, reference, or argument that if the jury does not return a verdict against Defendant, then no one else will protect individuals such as Plaintiff. Additionally, any statement or argument that the jury should deliver a verdict which sends a "message" to the community or sends a "message back home" to the insurance industry. All such arguments are highly improper, totally prejudicial, and designed to inform the jury of the effect of their answers.

PLAINTIFF:  AGREES: __XXX__   DISAGREES: ____   NO POSITION: ____

RULING OF THE COURT:  GRANTED: ____   DENIED: ____

**Request No. 12:** Claims and Legal Theories Not Identified in Response to Discovery Requests or Pled in Live Pleadings.

Any legal theory, claim or defense by Plaintiff that was not disclosed during discovery or pled in live discovery.

PLAINTIFF:  AGREES: __XXX__   DISAGREES: ____   NO POSITION: ____

RULING OF THE COURT:  GRANTED: ____   DENIED: ____

**Request No. 13:** Damages Not Presented, Claimed or Identified in Discovery.

Any damage allegedly suffered by Plaintiff not disclosed during discovery and/or in pleadings in this case. Plaintiff has stipulated to withdrawing any demand for business interruption. This Request includes any claim for coverage not presented to State Farm Lloyds in writing and includes additional expenses such as Plaintiff's current lease, Plaintiff's current insurance, Plaintiff's current cable/internet bills, and any other expenses Plaintiff alleges began accruing since June 2015.

PLAINTIFF:  AGREES: ____   DISAGREES: XXX   NO POSITION: ____

DEFENDANT'S BRIEF IN SUPPORT OF DEFENDANT'S MOTION IN LIMINE                                Page 7
2794674v1
10578.216

RULING OF THE COURT: GRANTED: _____ DENIED: _____

**Request No. 14:**   **Settlements and Offers of Judgment.**

Any settlement offers or offer(s) of judgment which have been made or any reference to the fact that this lawsuit could not be or was not settled, compromised, resolved or that Defendant never made a reasonable settlement offer, including any comments that some cases have to be brought to a jury, that it was necessary to file this suit, or any similar comments.

PLAINTIFF: AGREES: XXX   DISAGREES: _____   NO POSITION: _____

RULING OF THE COURT: GRANTED: _____ DENIED: _____

**Request No. 15:**   **Other Lawsuits Against Defendant.**

Any comments, suggestions, references to other litigation in which Defendant may be involved or have been involved or suggestion that Defendant is involved or has been involved "in other lawsuits" or "getting sued all the time" or words of similar effect, including but not being limited to, other complaints or lawsuits by other individuals in the State of Texas or elsewhere. Such evidence is entirely irrelevant. Alternatively, any minimal probative value is substantially outweighed by its prejudicial effect and risk in confusing the jury.

PLAINTIFF: AGREES:   XXX   DISAGREES: _____ NO POSITION: _____

RULING OF THE COURT: GRANTED: _____ DENIED: _____

**Request No. 16:**   **Insurance Premiums.**

Any testimony or reference to Plaintiff's payment of insurance premium to State Farm. Beyond that Plaintiff's policy cancelled early due to her decision not to pay all earned premium, the payment of insurance premiums is not an issue in this case and any mention of the payment of insurance premiums by the Plaintiff is designed to have the jury decide the case based on prohibited issues such as sympathy, bias, or prejudice. At a minimum, the probative value of

Plaintiff's mention of insurance premium payments is outweighed by its undue prejudice, confusion of the issues, or misleading of the jury.

PLAINTIFF: AGREES: _____   DISAGREES: <u>XXX</u>   NO POSITION: _____

RULING OF THE COURT:  GRANTED: _____   DENIED: _____

## II. **PRAYER**

WHEREFORE, State Farm respectfully requests that this Court grants its Motion in Limine and enter an Order which holds:

1.  That counsel for Plaintiff is prohibited from offering any evidence relating to any matter described in Request No. 1 though Request No. 16 of this Motion in the presence of the jury and is further refrained from making any reference or comment regarding such matter, directly or indirectly, before the jury panel on voir dire and before the jury through examining or cross-examining witnesses, offering documentary evidence, making opening and closing argument, or otherwise; and

2.  That counsel for Plaintiff shall instruct all witnesses they intend to call to refrain from any comment, mention or reference to, directly or indirectly, in any manner whatsoever, any of the matter set forth in this Motion; and to inform such witnesses of the consequences of violating the Court's Order.

RESPECTFULLY SUBMITTED,

_____
Rhonda J. Thompson
State Bar No. 24029862

**THOMPSON, COE, COUSINS & IRONS, L.L.P.**
700 N. Pearl Street, Twenty-Fifth Floor
Dallas, Texas 75201-2832
Telephone: (214) 871-8200
Facsimile: (214) 871-8209
E-Mail: rthompson@thompsoncoe.com

**COUNSEL FOR DEFENDANT
STATE FARM LLOYDS**

## CERTIFICATE OF SERVICE

The undersigned certifies that on the 9th day of August, 2017, the foregoing pleading was served on the following counsel of record in accordance with the Federal Rules of Civil Procedure:

Scott G. Hunziker
The Voss Law Firm, P.C.
The Voss Law Center
26619 Interstate 45 South
The Woodlands, Texas 77380
Facsimile: (713) 861-0021

D. BRADLEY DICKINSON
**DICKINSON BARTLETT, PC**
4849 Greenville Avenue, Suite 1550
Dallas, Texas 75206
Facsimile: (214) 368-3088

_____
Rhonda J. Thompson